STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

November 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HAROLD JONES JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0901** (BOR Appeal No. 2048179)
            (Claim No. 990032323)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**SUES RECLAMATION & CONSTRUCTION, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Harold Jones Jr., by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 5, 2013, in which the Board affirmed a February 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 5, 2012, decision which denied a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Jones, a timber cutter, applied for a permanent total disability award on December 12, 2005. In his application, he stated that he had received the following permanent partial disability awards: 2% for the left knee; 1% for the left leg; 1% for both legs; and 48% for multiple injuries to the lower back, right leg, and left knee. He indicated that he was awarded Social Security Disability benefits.

Paul Bachwitt, M.D., performed a permanent total disability evaluation on January 28, 2009, in order to determine Mr. Jones's whole body impairment. Dr. Bachwitt found that Mr. Jones had reached maximum medical improvement for all of his compensable injuries. Dr. Bachwitt felt that he could perform at least medium physical demand level work and that he was not permanently and totally disabled. He assessed 2% impairment for a left tibial plateau fracture, 13% lumbar spine impairment, 1% left knee impairment, and 5% right ankle impairment for a combined total of 20% whole person impairment. Mr. Jones was also evaluated by Mark Casdorph, D.O., a psychiatrist, in order to determine his total psychological impairment due to the compensable injuries. Dr. Casdorph noted that Mr. Jones reported some irritability and anxiety after his compensable injury, but the record indicated a prior medication exacerbated the symptoms. Mr. Jones showed no signs of depression or anxiety at the time of the evaluation. Dr. Casdorph found that he had no psychiatric illness due to a compensable injury and assessed 0% impairment.

The Permanent Total Disability Review Board released its final recommendation on March 18, 2011. It found that Dr. Bachwitt's report was the most current and accurate assessment of Mr. Jones's whole body impairment. The Board also found Dr. Casdorph's report to be reliable regarding psychiatric impairment. The Board determined that Mr. Jones had 23% whole person impairment due to occupational injuries. The impairment was rated as follows: 13% for the lumbar spine, 3% for the left knee, 5% for the right leg, 5% for the right ankle, and 0% for psychiatric illness. The Board therefore determined that Mr. Jones failed to meet the required 50% whole body impairment threshold required for further consideration of a permanent total disability award and recommended denying the award. The claims administrator thereafter denied Mr. Jones's request for a permanent total disability award on March 30, 2011.

The Office of Judges reversed the claims administrator's decision in a November 4, 2011, Order and remanded the case for further review based upon a determination that the findings of the Permanent Total Disability Review Board were deficient. The Office of Judges stated that the Board found that Dr. Bachwitt's and Dr. Casdorph's reports were the most reliable of record and concluded that Mr. Jones had 23% whole body impairment. The report contained a chart showing that Mr. Jones had 13% impairment for the lumbar spine, 3% for the left knee, 5% for the right leg, 5% for the right ankle, and 0% for psychiatric illness. However, Dr. Bachwitt found 20% whole body impairment, which included 2% impairment for a left tibial plateau fracture, 13% lumbar spine impairment, 1% left knee impairment, and 5% right ankle impairment. Without an explanation as to why the Permanent Total Disability Review Board adjusted the impairment ratings, the Office of Judges found its report to be insufficient. The Office of Judges also noted that the Board did not discuss the other reports of record. The Board was therefore given the opportunity to clarify its reasoning for denying the application for permanent total disability benefits.

The Permanent Total Disability Review Board re-examined the claim and released its final recommendation on October 29, 2012. It stated that it reviewed the reports of George Orphanos, M.D.; Clifford Carlson, M.D.; A. James Paine Jr., M.D.; Dr. Bachwitt; and Dr. Casdorph and determined that Dr. Bachwitt's report was the most accurate, current, and credible assessment of Mr. Jones's whole body orthopedic impairment. It also found that Dr. Casdorph's report was the most recent and accurate assessment of his psychological impairment. The Board found that Mr. Jones sustained 15% impairment based upon Dr. Bachwitt's report and adopted that impairment rating for the lumbar spine instead. It also determined, based upon Dr. Bachwitt's report, that Mr. Jones's left knee impairment was 1%, rather than the earlier reported 3% impairment. Further, it found 5% right ankle impairment and 2% impairment for a tibia fracture for a total of 22% whole body impairment. Accordingly, Mr. Jones failed to meet the 50% whole body impairment threshold, and the Permanent Total Disability Review Board again recommended that his request for a permanent total disability award be denied.

The claims administrator denied Mr. Jones's request for a permanent total disability award on November 5, 2012. The Office of Judges affirmed the decision in its February 28, 2013, Order. The Office of Judges found that Mr. Jones has received 52% in permanent partial disability awards. It therefore determined that he met the first threshold under West Virginia Code § 23-4-6(n)(1) (2005), which requires a claimant to have received 50% or more in prior permanent partial disability awards. However, the Office of Judges determined that Mr. Jones failed to meet the second threshold, which requires that the claimant have 50% or more whole body impairment. Whole body impairment is assessed by a reviewing board. In this case, the Permanent Total Disability Review Board found that Mr. Jones had sustained only 22% whole body impairment: 15% for the lumbar spine; 5% for the right ankle; 1% for the left knee; 2% for the left tibia plateau fracture; and 0% for the left thumb, right hand/wrist, and psychiatric impairment. Mr. Jones argued before the Office of Judges that he sustained a total of 52% permanent partial disability as a result of his compensable injuries. The Office of Judges determined that the Permanent Total Disability Review Board properly applied the statutory considerations and the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) to arrive at its determination. Mr. Jones was therefore found to not be permanently and totally disabled because he failed to meet the second threshold of West Virginia Code § 23-4-6(n)(1).

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its August 5, 2013, decision. This Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Jones is not permanently and totally disabled because he has not sustained 50% or more whole body impairment as a result of compensable injuries.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

3

Affirmed.

**ISSUED:   November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II